FILED

1   Michael W. Fattorosi, Esq., Calif. State Bar No. 193538
    michael@fattlegal.com
2   Michael D. Kuznetsky, Esq., Calif. State Bar No. 241045   2009 APR 15  PM 1: 57
    mikek@fattlegal.com
3   Members of Fattorosi & Associates, P.C.
    6300 Canoga Avenue, Suite 550
4   Woodland Hills, California 91367
    (818) 881-8500, Fax (818) 881-9008
5
    Attorney for Plaintiff, CAROLE MOLLOY
6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                                        CV09-2614                    (ACR)

11  CAROLE MOLLOY,                    ) CASE NO.
                                      )
12              Plaintiff,            ) COMPLAINT FOR INJUNCTION
                                      ) AND DAMAGES FOR:
13  vs.                               )
                                      ) (1) INFRINGEMENT OF
14  RK NETMEDIA, INC., a Florida Corporation; NET ) TRADEMARK,
    227, INC., a Florida Corporation; NAMECHEAP, ) (2) TRADEMARK DILUTION,
15  INC., a Delaware Corporation; EDDIE COLLINS, ) (3) FALSE DESIGNATION OF
    an individual; SCORCHING SANDS, INC., a ) ORIGIN AND UNFAIR
16  Florida Corporation; ADAM NALEPOWSKI, an ) COMPETITION,
    individual; MICHAEL PUSZKARZ, an individual; T. ) (4) CONTRIBUTORY TRADEMARK
17  KGELS, an individual; LLL ADVERTISING, INC., a ) INFRINGEMENT,
    Florida Corporation;   and DOES 1 through 10, ) (5) CYBERSQUATTING IN
18  inclusive,                        ) VIOLATION OF 15 U.S.C. §
                                      ) 1125(d),
19              Defendants.           ) (6) CYBERSQUATTING IN
                                      ) VIOLATION OF 15 U.S.C. § 1129,
20  _____ ) (7) CYBERSQUATTING IN
                                        VIOLATION OF CALIFORNIA
21                                      BUSINESS & PROFESSIONS
                                        CODE § 17525,
22                                      (8) COMMON LAW
                                        MISAPPROPRIATION OF
23                                      LIKENESS, and
                                        (9) COMMERCIAL
24                                      MISAPPROPRIATION OF
                                        LIKENESS UNDER CALIFORNIA
25                                      CIVIL CODE §3344

26                                      DEMAND FOR JURY TRIAL

27

28  ///

                              1
                _____
                COMPLAINT FOR INJUNCTION AND DAMAGES

COMES NOW Plaintiff, CAROLE MOLLOY (hereinafter referred to as "Plaintiff"), for her complaint against RK NETMEDIA, INC., a Florida Corporation; NET 227, INC., a Florida Corporation; NAMECHEAP, INC., a Delaware Corporation; EDDIE COLLINS, an individual; SCORCHING SANDS, INC., a Florida Corporation; ADAM NALEPOWSKI, an individual; MICHAEL PUSZKARZ, an individual; T. KGELS, an individual; LLL ADVERTISING, INC., a Florida Corporation; and DOES 1 through 10, inclusive, (hereinafter collectively referred to as "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action involving claims of trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1051 et seq., and claims under the common law and statutory law of the of the State of California.  This Court has jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Plaintiff's related claims based on state law pursuant to 28 U.S.C. § 1367.

2.      Venue is proper under 28 U.S.C. 1391(b) because the Defendants transact business in this Judicial District, they solicit subscriptions to their services in this Judicial District in the course of using Plaintiff's trademark and because a substantial part of the events giving rise to Plaintiff's claims arose here.

## THE PARTIES

3.      Plaintiff, CAROLE MOLLOY (hereinafter referred to as "MOLLOY"), also professionally and personally known as "Flower Tucci," is an individual and a citizen of Los Angeles, California.  MOLLOY was and is in the business of providing entertainment services in the nature of live acting, dancing and modeling for adult performances, adult publications, and public appearances of a star of adult movies; providing live acting, dancing and modeling for motion picture films featuring adult entertainment; and providing visual pictures and images in the field of adult entertainment via the Internet.

///

///

2

4.      MOLLOY has used and been using the pseudonym "Flower Tucci" as her own name in commerce beginning as early as August 1, 2002.  MOLLOY is the owner of United States Trademark Registration Number 3,422,070 for the trademark "Flower Tucci,"  which was registered on May 6, 2008 (hereinafter referred to as the "Mark").

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant RK NETMEDIA, INC. (hereinafter referred to as "RK NETMEDIA") is a corporation organized and existing under the laws of the State of Florida.  RK NETMEDIA was and is in the business of producing, manufacturing, distributing and selling adult-oriented motion pictures via the Internet.

6.      RK NETMEDIA has numerous and regular contacts in California, advertises its products and services in California through its Internet web sites, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has entered into contracts with numerous residents of California. This action arises, in part, from RK NETMEDIA's contacts with California.  RK NETMEDIA is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

7.      Plaintiff is informed and believes, and thereon alleges, that Defendant NET 227, INC. (hereinafter referred to as "NET 227") is a corporation organized and existing under the laws of Florida.  Plaintiff is informed and believes, and thereon alleges, that NET 227 has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has entered into contracts with numerous residents of California.  This action arises, in part, from NET 227's contacts with California.  NET 227 is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

///

3

COMPLAINT FOR INJUNCTION AND DAMAGES

8.      Plaintiff is informed and believes, and thereon alleges, that Defendant NAMECHEAP, INC. (hereinafter referred to as "NAMECHEAP"), doing business as Whois Guard, is a corporation organized and existing under the laws of Delaware.  NAMECHEAP was and in the business of providing anonymous domain name registration for web sites on the Internet.

9.      Plaintiff is informed and believes, and thereon alleges, that NAMECHEAP has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law and has entered in contracts with numerous residents of California.  This action arises, in part, from NAMECHEAP's contacts with California.  NAMECHEAP is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

10.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant EDDIE COLLINS (hereinafter referred to as "COLLINS") was and is an individual and a resident of Los Angeles, County, California, in the Central District of California.

11.     Plaintiff is informed and believes, and thereon alleges, that Defendant SCORCHING SANDS, INC. (hereinafter referred to as "SANDS") is a corporation organized and existing under the laws of Florida.  Plaintiff is informed and believes, and thereon alleges, that SANDS has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has entered into contracts with numerous residents of California.  This action arises, in part, from SANDS's contacts with California.  SANDS is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

///

4

COMPLAINT FOR INJUNCTION AND DAMAGES

12.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant ADAM NALEPOWSKI (hereinafter referred to as "NALEPOWSKI") was and is an individual residing in Poland.  Plaintiff is informed and believes, and thereon alleges, that NALEPOWSKI has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has entered into contracts with numerous residents of California.  This action arises, in part, from NALEPOWSKI's contacts with California.  NALEPOWSKI is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant MICHAEL PUSZKARZ (hereinafter referred to as "PUSZKARZ") was and is an individual residing in Poland.  Plaintiff is informed and believes, and thereon alleges, that PUSZKARZ has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has entered into contracts with numerous residents of California.  This action arises, in part, from PUSZKARZ's contacts with California.  PUSZKARZ is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

14.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant T. KGELS (hereinafter referred to as "KGELS") was and is an individual residing in the Netherlands.  Defendant KGELS owns, operates and controls the web site domain name located at www.thumblogger.com.  Plaintiff is informed and believes, and thereon alleges, that KGELS has numerous and regular contacts in California, advertises its products and services in California through its Internet web site, has sold and licensed its

5

products and services in California, has entered into business contracts in California availing itself of California law, and has entered into contracts with numerous residents of California. This action arises, in part, from KGELS's contacts with California.  KGELS is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

15.     Plaintiff is informed and believes, and thereon alleges, that Defendant LLL ADVERTISING, INC. (hereinafter referred to as "LLL ADVERTISING") is a corporation organized and existing under the laws of the State of Florida.  LLL ADVERTISING was and is in the business of producing, manufacturing, distributing and selling adult-oriented motion pictures via the Internet.

16.     LLL ADVERTISING has numerous and regular contacts in California, advertises its products and services in California through its Internet web sites, has sold and licensed its products and services in California, has entered into business contracts in California availing itself of California law, and has entered into contracts with numerous residents of California.  This action arises, in part, from LLL ADVERTISING's contacts with California. LLL ADVERTISING is directly and indirectly responsible for the wrongful conduct alleged herein, and on information and belief, has conspired with the other defendants to engage in such wrongful conduct.

17.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10 inclusive, are unknown to Plaintiff, who therefore sue said defendants by such fictitious names.  Plaintiff will amend this Complaint to include their proper names and capacities when they have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants participated in and are in some manner responsible for the acts described in this Complaint and damage resulting therefrom.

///

///

///

6

18.     Plaintiff alleges on information and belief that each of the defendants named herein as DOES 1 through 10 inclusive, performed, participated in, or abetted in some manner, the acts alleged herein, proximately caused the damages alleged hereinbelow, and are liable to Plaintiff for the damages and relief sought herein.

19.     Plaintiff alleges on information and belief that, in performing the acts and omissions alleged herein, and at all times relevant hereto, each of the defendants was the agent and employee of each of the other defendants and was at all times acting within the course and scope of such agency and employment with the knowledge and approval of each of the other defendants.

**FACTUAL ALLEGATIONS**

20.     As early as August 1, 2002, Plaintiff began using the name "Flower Tucci" personally and professionally in commerce in connection with Plaintiff's business.  On May 6, 2008, Plaintiff obtained a registered trademark from the United States Patent and Trademark Office (hereinafter "USPTO") for the name "Flower Tucci," United States Trademark Registration Number 3,422,070 for entertainment services, in International Class 041.  The Mark is inherently distinctive, as confirmed by the USPTO's registration thereof. MOLLOY's corporation, Flower Tucci Entertainment, Inc. was the registered owner of this Mark and MOLLOY was a licensee of the Mark.  On or about March 26, 2009, Flower Tucci Entertainment, Inc. assigned its entire interest and goodwill in the mark to MOLLOY.

21.     The trademark registration provided Defendants constructive notice of Plaintiff's claim of exclusive ownership of the Mark and constitutes prima facie evidence of the validity of the Mark; Plaintiff's registration thereof and Plaintiff's exclusive right to use and license said Mark in commerce in connection with MOLLOY's business of providing entertainment services in the nature of live acting, dancing and modeling for adult performances, adult publications, and public appearances of a star of adult movies; providing live acting, dancing and modeling for motion picture films featuring adult entertainment; providing visual pictures and images in the field of adult entertainment via the Internet; as provided by Sections 7 and 22 of the Lanham Act, 15 U.S.C. §§ 1057 and 1072.

7

22.     Plaintiff has been using the Mark continuously and extensively since first adopting the Mark.  Moreover, Plaintiff has invested significant amounts of time, effort and resources to advertise and promote Plaintiff's services under the Mark in interstate commerce throughout the United States and worldwide.

23.     As a result of Plaintiff's continuous and extensive use of the Mark in such media as motion pictures, television, Internet, print, as well as live modeling and dancing, the public and those involved in the trade have come to identify the Mark with Plaintiff in the United States and internationally.  Thus, the Mark serves to identify the source of Plaintiff's services and distinguishes Plaintiff's goods and services from the goods and services of others.

24.     By virtue of Plaintiff's marketing efforts and expenditures, and as a result of the excellence of Plaintiff's products, the Mark has achieved a distinctive and valuable reputation and degree of goodwill.  In addition, the Mark has become famous, as MOLLOY is known in the United States and internationally as "Flower Tucci."  MOLLOY as "Flower Tucci" has:

a.     starred in the Showtime television series entitled "Family Business;"

b.     performed as a featured adult entertainer in more than 400 adult films since 2002;

c.     directed an adult entertainment motion picture;

d.     hosted two radio shows on KSEX radio called "The Porn Hunnies Smut Top 20" and "Tushy Talk;"

e.     won or starred in movies that won Adult Video News (AVN) Awards for Best Specialty Release for Squirting for Flower's Squirt Shower 2 in 2006, Best Group Sex Scene for Fashionistas Safado: The Challenge in 2007, Best Specialty Release for Squirting for Flower's Squirt Shower 3 in 2007, Best Specialty Series for Squirting for Flower's Squirt Shower in 2007, and Best Squirting Release and Flower's Squirt Shower 4 in 2008;

f.     been nominated for AVN Awards for Most Outrageous Sex Scene and for Best All-Girl Group Sex Scene twice in 2009;

///

8

**COMPLAINT FOR INJUNCTION AND DAMAGES**

g.    been nominated for the X-Rated Critics Organization's (XRCO) 2005 Female Performer of the Year;

h.    been nominated for a F.A.M.E. Award for Favorite Anal Star in 2008; and

i.    worked as a spokesperson and model for the Los Angeles based clothing company Mofowear.

25.    On or about November 30, 2008, NET 227 and DOE 1 registered the web site domain name www.club-flowertucci.com without Plaintiff's knowledge, authority or consent. Plaintiff is informed and believes, and thereon alleges, that www.club-flowertucci.com is owned, operated and controlled by NET 227 and DOE 1. This web site prominently features the Mark and likeness of Plaintiff. Further, this web site links to www.flowertucci.com, which Plaintiff is informed and believes is owned, operated and controlled by RK NETMEDIA and/or LLL ADVERTISING and DOE 2.

26.    DOE 3 and DOE 4 anonymously registered the web site domain names www.flowertuccipics.com and www.flowertuccivideos.com through NAMECHEAP on or about April 3, 2007 and May 14, 2007, respectively, without Plaintiff's knowledge, authority or consent. Plaintiff is informed and believes, and thereon alleges, that www.flowertuccipics.com and www.flowertuccivideos.com are owned, operated and controlled by DOE 3 and DOE 4. NAMECHEAP continues to provide anonymous registration for these website for DOE 3 and DOE 4. These web sites prominently feature the Mark and likeness of Plaintiff. Further, these web sites link to www.flowertucci.com, which Plaintiff is informed and believes is owned, operated and controlled by RK NETMEDIA and/or LLL ADVERTISING and DOE 2.

27.    On or about March 13, 2007, COLLINS registered the web site domain name www.flowertuccinude.com without Plaintiff's knowledge, authority or consent. Plaintiff is informed and believes, and thereon alleges, that www.flowertuccinude.com is owned, operated and controlled by COLLINS. This web site prominently features the Mark and likeness of Plaintiff. Further, this web site links to a web page on www.realitykings.com, which Plaintiff is informed and believes is owned, operated and controlled by LLL

9

ADVERTISING, RK NETMEDIA and DOE 5, which contains an advertisement for www.flowertucci.com, which Plaintiff is informed and believes is owned, operated and controlled by RK NETMEDIA and/or LLL ADVERTISING and DOE 2.

28.     On or about April 23, 2007, SANDS and DOE 6 registered the web site domain name www.flowertuccisblog.com without Plaintiff's knowledge, authority or consent.  Plaintiff is informed and believes, and thereon alleges, that www.flowertuccisblog.com is owned, operated and controlled by SANDS and DOE 6.  This web site prominently features the Mark and likeness of Plaintiff.  Further, this web site links to  www.flowertucci.com, which Plaintiff is informed and believes is owned, operated and controlled by RK NETMEDIA and/or LLL ADVERTISING and DOE 2.

29.     On or about March 28, 2007, NALEPOWSKI registered the web site domain name www.flower-tucci-x.com without Plaintiff's knowledge, authority or consent.   Plaintiff is informed and believes, and thereon alleges, that www.flower-tucci-x.com is owned, operated and controlled by NALEPOWSKI.  This web site prominently features the Mark and likeness of Plaintiff.  Further, this web site links to  www.flowertucci.com, which Plaintiff is informed and believes is owned, operated and controlled by RK NETMEDIA and/or LLL ADVERTISING and DOE 2.

30.     On or about March 21, 2007, PUSZKARZ registered the web site domain name www.flower-tucci-review.com without Plaintiff's knowledge, authority or consent.   Plaintiff is informed and believes, and thereon alleges, that www.flower-tucci-review.com is owned, operated and controlled by PUSZKARZ.  This web site prominently features the Mark and likeness of Plaintiff.  Further, this web site links to www.flowertucci.com, which Plaintiff is informed and believes is owned, operated and controlled by RK NETMEDIA and/or LLL ADVERTISING and DOE 2.

31.     KGELS, DOE 7 and DOE 8 registered the web site domain names www.flower_tucci.thumblogger.com  and  www.flowertuccianal.thumblogger.com  without Plaintiff's knowledge, authority or consent.   Plaintiff is informed and believes, and thereon alleges, that www.flower_tucci.thumblogger.com and www.flowertuccianal.thumblogger.com

10

are owned, operated and controlled by KGELS, DOE 7 and DOE 8.  These web sites prominently features the Mark and likeness of Plaintiff.  Further, these web sites link to www.flowertucci.com, which Plaintiff is informed and believes is owned, operated and controlled by RK NETMEDIA and/or LLL ADVERTISING and DOE 2.

32.    Defendants' conduct as alleged herein is likely to cause confusion in the marketplace.  Defendants' conduct has caused and will cause actual and potential customers of Plaintiff to believe that Defendants and their goods and services are somehow affiliated with, sponsored by, endorsed by or related to Plaintiff.

33.    Defendants' registration and redirection of web sites containing the Mark is a deliberate attempt to trade on Plaintiff's goodwill and the prestige and reputation of Plaintiff's and her products and services.  Defendants' conduct has caused, and will continue to cause, significant damages, including lost sales and profits, and irreparable harm to Plaintiff.  Moreover, Defendants' conduct has caused and will cause significant harm to Plaintiff's reputation and goodwill, as well as the reputation and goodwill of Plaintiff's Mark, which Plaintiff has established through years of effort and expense.

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants' conduct will continue unless enjoined by this Court.

35.    Collectively, www.club-flowertucci.com, www.flowertuccipics.com, www.flowertuccivideos.com, www.flowertuccinude.com, www.flowertuccisblog.com, www.flower-tucci-x.com, www.flower-tucci-review.com, www.flower_tucci.thumblogger.com and www.flowertuccianal.thumblogger.com are hereinafter referred to as the "Infringing Sites." NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS, SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ, T. KGELS, and DOES 1 through 8, inclusive, are hereinafter collectively referred to as "Infringing Defendants."

36.    Third parties are able to reach the Infringing Sites via Internet searches or by simply typing in the domain name in an Internet browser.  Plaintiff is informed and believes, and thereon alleges, that because Plaintiff's Mark is well known and famous, Defendants' use of the Mark results in substantial Internet traffic.

11

37.     Plaintiff is informed and believes that Defendants are using the Mark deliberately and intentionally in order to drive consumers to the Infringing Sites and other web sites including www.flowertucci.com, and to capture and trade on the goodwill and notoriety of the Mark.   Defendants' use of the Mark constitutes a commercial use in interstate commerce.

38.     Defendants have infringed the Mark and/or induced infringement of the Mark, by using the domain names of the Infringing Sites and otherwise using the Mark in connection with their operation of other infringing web sites.  Plaintiff is informed and believes that Defendants are selling advertising on the Infringing Sites, including hyperlinks to other Internet merchants including www.flowertucci.com, and primarily those of an adult nature. By these acts, Defendants are profiting from the diversion of traffic and harming the value of the Mark.

39.     The Mark was distinctive and famous before and at the time Defendants registered the domain names of the Infringing Sites and infringed on Plaintiff's Mark.

## **FIRST CAUSE OF ACTION**

### **Trademark Infringement Under 15 U.S.C. § 1114**

### **(Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS, SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ, T. KGELS, and DOES 1 through 10)**

40.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 39, inclusive, and incorporate them herein by this reference.

41.     On or about August 15, 2007, Plaintiff filed an application to register the mark "Flower Tucci" on the Principal Register of the United States Patent and Trademark Office.

42.     On May 6, 2008, U.S. Registration No. 3,422,070 (attached hereto as Exhibit "A") was duly and legally issued to Plaintiff for "Flower Tucci" for: Entertainment services in the nature of live acting, dancing and modeling for adult performances, adult publications, and public appearances of a star of adult movies; entertainment services, namely, providing live acting, dancing and modeling for motion picture films featuring adult entertainment;

12

entertainment services, namely, providing visual pictures and images in the field of adult entertainment via the Internet.

43.    On March 31, 2009, the assignment of the entire interest and goodwill in the Mark was recorded with the United States Patent and Trademark Office (attached hereto as Exhibit "B").

44.    The Mark identifies a living individual, namely MOLLOY, and MOLLOY uses to Mark to identify herself in providing each and every service indicated herein.  The Mark has become uniquely associated with, and hence identifies, Plaintiff as the source of high quality entertainment services and related products.  The Mark is arbitrary and fanciful.

45.    Plaintiff owns the trademark to "Flower Tucci" which appears in the top-level domain name of the Infringing Sites as well as being prominently displayed on the Infringing Sites.  In using the Mark in this manner, Infringing Defendants are making commercial use of the Mark in interstate commerce, and as such are intentionally and willfully infringing Plaintiff's Mark under an identical mark without consent or authority from Plaintiff.

46.    Infringing Defendants' actions and use of the Mark are intended to and are likely to cause confusion, to cause mistake, and to deceive consumers and the general public into believing, initially and otherwise, that the services and products Infringing Defendants are selling are actually produced, endorsed by and/or in association with Plaintiff.

47.    Infringing Defendants' use of Plaintiff's registered trademark in connection with the Infringing Sites trades off the quality, reputation and goodwill established by Plaintiff and violates the Lanham Act, 15 U.S.C. §1114.

48.    As a result of Infringing Defendants' infringing actions alleged herein, Plaintiff has incurred and will continue to incur significant damages in an amount to be proven at trial consisting of, *inter alia*, lost sales and profits, actual diversion of trade and diminution in the value of the reputation and goodwill associated with the Mark, and irreparable harm to Plaintiff.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. § 1117(a).  Plaintiff is also entitled to Infringing Defendants' profits pursuant to 15 U.S.C. § 1117(a).

**COMPLAINT FOR INJUNCTION AND DAMAGES**

49.     Further irreparable harm to Plaintiff is imminent as a result of Infringing Defendants' conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled to an injunction restraining Infringing Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Infringing Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

50.     Such conduct by Infringing Defendants has been deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiff's trademark rights, thus rendering this an "exceptional case" entitling Plaintiff to attorney's fees under 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### Federal Trademark Dilution Under 15 U.S.C. §1125(c)

### (Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS, SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ, T. KGELS, and DOES 1 through 10)

51.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 50, inclusive, and incorporate them herein by this reference.

52.     Plaintiff's Mark is distinctive and famous in the minds of the relevant public within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §1125(c), and has been famous since before Infringing Defendants' began using the Mark.

53.     Infringing Defendants are making commercial use of the famous Mark in interstate commerce and are marketing to the same consumers as Plaintiff.

54.     Infringing Defendants' activities as alleged herein constitute dilution of the distinctive quality of Plaintiff's Mark and tarnishment of the reputation of the Mark in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. §1125(c).

///

///

///

14

**COMPLAINT FOR INJUNCTION AND DAMAGES**

55.     Plaintiff is informed and believes, and thereon alleges, that Infringing Defendants intend to willfully trade on the reputation of Plaintiff and Plaintiff's Mark, and cause dilution of the Mark by implying an association between Plaintiff and Infringing Defendants when none exists.

56.     As a result of Infringing Defendants' actions, Plaintiff has suffered and continue to suffer damages in an amount to be determined at trial.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. §§ 1125(c)(5) and 1117(a).  Plaintiff is also entitled to any damages sustained by Plaintiff and Infringing Defendants' profits pursuant to 15 U.S.C. § 1117(a).

57.     Infringing Defendants' actions have caused Plaintiff harm for which she has no adequate remedy at law which will be irreparable if Infringing Defendants are not enjoined from continuing the conduct alleged herein.  Accordingly, Infringing Defendants should be enjoined from using the Infringing Sites or any confusingly similar variation thereof.  Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1117(a) as set forth in 15 U.S.C. § 1125(c).

58.     Plaintiff is informed and believes that such conduct by Infringing Defendants is deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiff's trademark rights, thus rendering this an "exceptional case" entitling Plaintiff to attorney's fees under 15 U.S.C. § 1117(a).

59.     Because Infringing Defendants willfully intended to trade on Plaintiff's reputation and goodwill or to cause dilution of Plaintiff's famous trademark, Plaintiff is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. §1117(a).

///

///

///

15

**THIRD CAUSE OF ACTION**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

**(Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS,**

**SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ,**

**T. KGELS, and DOES 1 through 10)**

60.       Plaintiff realleges each and every allegation set forth in paragraphs 1 through 59, inclusive, and incorporate them herein by this reference.

61.       Infringing Defendants use of Plaintiff's Mark in interstate commerce as alleged herein gives the false and misleading impression that Plaintiff authorized said usage. Infringing Defendants are making commercial use of the famous Mark in interstate commerce and are marketing to the same consumers as Plaintiff under a false designation of origin.

62.       Infringing Defendants' use of Plaintiff's Mark is likely to cause likely to cause confusion, mistake and/or deception as to (a) the affiliation, connection and/or association of Infringing Defendants with Plaintiff, and (b) as to the origin, sponsorship, endorsement and/or approval of Infringing Defendants' goods, services and/or commercial activities by Plaintiff.

63.       Further irreparable harm to Plaintiff is imminent as a result of Infringing Defendants' conduct and Plaintiff are without an adequate remedy at law.  Plaintiff is entitled to an injunction restraining Infringing Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Infringing Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

64.       As a result of Infringing Defendants' actions, Plaintiff has suffered and continue to suffer damages in an amount to be determined at trial.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. § 1117(a).  Plaintiff is also entitled to Infringing Defendants' profits made as a result of their improper and illegal activities pursuant to 15 U.S.C. § 1117(a).

16

65.    Plaintiff is informed and believes that such conduct by Infringing Defendants is deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiff's trademark rights, thus rendering this an "exceptional case" entitling Plaintiff to attorney's fees under 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION

## CONTRIBUTORY TRADEMARK INFRINGEMENT

### (Against all Defendants and DOES 1 through 10)

66.    Plaintiff realleges each and every allegation set forth in paragraphs 1 through 65, inclusive, and incorporate them herein by this reference.

67.    Plaintiff is informed and believes that Defendants, and each of them, know of the Infringing Sites, know the Infringing Sites infringe the Mark and that the Infringing Sites result in increased business for Defendants due to, *inter alia*, increased Internet traffic generated from the Infringing Sites.

68.    Plaintiff is informed and believes that Defendants entered into formal written contracts with the Infringing Sites, establishing them as a formal affiliate.  These contracts grant Defendants the right to directly control and/or monitor content on the Infringing Sites, including the right to monitor and/or control any trademark violations.

69.    By providing the Infringing Sites with money and/or advertising links and/or connections to an extensive network of advertisers on the Internet, Defendants substantially support, encourage and contribute to the infringement of Plaintiff's Mark.

70.    Plaintiff is informed and believes, and thereon allege, that Defendants, and each of them, knowingly induced acts of direct infringement of the Mark by explicitly and/or implicitly suggesting such infringing acts as alleged herein.  Further, Defendants, and each of them, have continued and are continuing to profit from Internet traffic on the Infringing Sites and knows or has reason to know that the Infringing Sites, and the profits generated therefrom, result from the infringement of Plaintiff's Mark.

71.    Therefore, in addition to directly infringing Plaintiff's trademark, Defendants are liable for contributory infringement of Plaintiff's trademark under 15 U.S.C. §§1114 and 1125.

17

72.     Defendants' actions and use of the Mark are intended to and are likely to cause confusion, to cause mistake, and to deceive consumers and the general public into believing, initially and otherwise, that the services and products Defendants are selling are actually produced or endorsed by, or in association with, Plaintiff.

73.     Defendants' use of Plaintiff's registered trademark in connection with the Infringing Sites trades off the quality, reputation or goodwill established by Plaintiff and violates the Lanham Act, 15 U.S.C. §1114.

74.     As a result of Defendants' infringing actions as herein alleged, Plaintiff has incurred and will continue to incur significant damages in an amount to be proven at trial, consisting of, among other things, lost sales and profits, actual diversion of trade and diminution in the value of the reputation goodwill associated with the Mark, and irreparable harm to Plaintiff.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. § 1117(a).  Plaintiff is also entitled to Defendants' profits pursuant to 15 U.S.C. § 1117(a).

75.     Further irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

76.     Such conduct by Defendants has been deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiff's trademark rights, thus rendering this an "exceptional case" entitling Plaintiff to attorney's fees under 15 U.S.C. § 1117(a).

///

///

///

18

**FIFTH CAUSE OF ACTION**

**CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d)**

**(Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS,**

**SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ,**

**T. KGELS, and DOES 1 through 10)**

77.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 76, inclusive, and incorporate them herein by this reference.

78.     Infringing Defendants, and each of them, have registered, trafficked in and/or used the domain names of the Infringing Sites as alleged herein

79.     The domain names of the Infringing Sites are identical to and confusingly similar to the Mark.  In addition, the domain names of the Infringing Sites are dilutive of the Mark which is famous.

80.     The Mark was distinctive and famous at the time Infringing Defendants registered the domain names of the Infringing Sites.

81.     The domain names of the Infringing Sites, *inter alia*, consists of the name "Flower Tucci" which is commonly used to identify MOLLOY.  By using said domain names, Infringing Defendants intended to divert customers from Plaintiff's own online location for commercial gain and/or with the intent to tarnish or disparage the Mark by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of the Infringing Sites.   Infringing Defendants know said domain names are identical to and confusingly similar to the Mark and have used the Infringing Sites without regard to the goods or services of Plaintiff.

82.     By means of the aforesaid actions, Infringing Defendants have harmed and will continue to harm the goodwill Plaintiff has built for the Mark.

83.     Infringing Defendants, and each of them, have committed the aforesaid acts with a bad faith to intent to profit from Plaintiff's Mark.

84.     As a result of Infringing Defendants' infringing actions as herein alleged, Plaintiff has incurred and will continue to incur significant damages in an amount to be proven at trial,

consisting of, among other things, lost sales and profits, actual diversion of trade and diminution in the value of the reputation goodwill associated with the Mark, and irreparable harm to Plaintiff.  Such damages should be assessed at up to three times the amount determined at trial, pursuant to 15 U.S.C. § 1117(a).  Plaintiff is also entitled to Infringing Defendants' profits pursuant to 15 U.S.C. § 1117(a).

85.     Further irreparable harm to Plaintiff is imminent as a result of Infringing Defendants' conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled to an injunction restraining Infringing Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Infringing Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.

86.     Such conduct by Infringing Defendants has been deliberate, willful, fraudulent and constitutes a knowing violation of Plaintiff's trademark rights, thus rendering this an "exceptional case" entitling Plaintiff to attorney's fees under 15 U.S.C. § 1117(a).

87.     In addition, Plaintiff may elect, at any time before final judgement is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000.00 and not more than $100,000.00 per domain name, as the court considers just pursuant to 15 U.S.C. § 1117(d).

### SIXTH CAUSE OF ACTION

### CYBERSQUATTING IN VIOLATION OF 15 U.S.C § 1129

### (Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS,

### SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ,

### T. KGELS, and DOES 1 through 10)

88.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 87, inclusive, and incorporate them herein by this reference.

///

///

20

89.     Without Plaintiff's consent, Infringing Defendants have registered the domain names of the Infringing Sites, which consist of and/or are confusingly similar to the name "Flower Tucci" which MOLLOY uses to identify herself as a living person.

90.     Plaintiff is informed and believes, and thereon alleges, that Infringing Defendants have committed the aforesaid acts with the specific intent to profit from Plaintiff's name by selling the domain name for financial gain to a third party.

91.     Further irreparable harm to Plaintiff is imminent as a result of Infringing Defendants' conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled to an injunction restraining Infringing Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Infringing Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.  Further, Plaintiff are entitled to and seeks injunctive relief transferring the domain names of the Infringing Sites to Plaintiff pursuant to 15 U.S.C. § 1129(2).

92.     In addition, Plaintiff seeks costs and attorney's fees pursuant to 15 U.S.C. § 1129(2).

## SEVENTH CAUSE OF ACTION

### CYBERSQUATTING IN VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE § 17525

**(Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS, SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ, T. KGELS, and DOES 1 through 10)**

93.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 92, inclusive, and incorporate them herein by this reference.

94.     Infringing Defendants, and each of them, have registered, trafficked in and/or used the domain names of the Infringing Sites as alleged herein.

95.     The domain names of the Infringing Sites consists of and/or are confusingly similar to the name "Flower Tucci" which MOLLOY uses as her personal name.

21

96.     The domain names of the Infringing Sites, *inter alia*, consists of the name "Flower Tucci" which is commonly used to identify Plaintiff.  By using said domain names, Infringing Defendants intended to, and continue to intend to, divert customers from Plaintiff's own online location for commercial gain and/or with the intent to tarnish or disparage the Mark by creating a likelihood of confusion as to the source, sponsorship, affiliation and/or endorsement of the Infringing Sites.  Infringing Defendants know said domain names are identical to or confusingly similar to the Mark and have used the Infringing Sites without regard to the goods or services of Plaintiff.

97.     By means of the aforesaid actions, Infringing Defendants have harmed and will continue to harm the goodwill Plaintiff has built for the Mark.

98.     Infringing Defendants, and each of them, have committed the aforesaid acts with a bad faith to intent to profit from Plaintiff's Mark.

99.     As a result of Infringing Defendants' infringing actions as herein alleged, Plaintiff has incurred and will continue to incur significant damages in an amount to be proven at trial, consisting of, among other things, lost sales and profits, actual diversion of trade and diminution in the value of the reputation goodwill associated with the Mark, and irreparable harm to Plaintiff.

100.    Further irreparable harm to Plaintiff is imminent as a result of Infringing Defendants' conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is entitled to and  seeks an injunction restraining Infringing Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of trademark infringement and requiring that Infringing Defendants remove the infringing mark from the Infringing Sites and to cease all uses of the Mark or any confusingly similar variation thereof.  Further, Plaintiff seeks injunctive relief transferring the domain names of the Infringing Sites to Plaintiff.

///

///

///

22

**<u>EIGHTH CAUSE OF ACTION</u>**

**COMMON LAW MISAPPROPRIATION OF LIKENESS**

**(Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS,**

**SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ,**

**T. KGELS, and DOES 1 through 10)**

101.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 100, inclusive, and incorporate them herein by this reference.

102.     As alleged herein, Infringing Defendants, and each of them, have invaded MOLLOY's right to privacy by using MOLLOY's identity, including without limitation her name, likeness and/or personality, in the top-level domains of and within the Infringing Sites.  In doing so, Infringing Defendants, and each of them, have knowingly appropriated MOLLOY's name and/or likeness for Infringing Defendants' advantage, commercially and/or otherwise. Said appropriation was unauthorized and done without Plaintiff's consent.   Plaintiff is informed and believes that by use of said appropriation, Infringing Defendants have earned increased revenue.

103.     As a proximate result of the above misappropriation, MOLLOY suffered loss of reputation and standing in the community, all of which caused her humiliation, embarrassment, hurt feelings, mental anguish and suffering, all to her general damage in an amount according to proof.

104.     As a further proximate result of the above-mentioned misappropriation, MOLLOY has suffered injury to her business in the form of lost internet traffic and revenue, all to her special damage in an amount according to proof.

105.     Infringing Defendants' misappropriation, as alleged above, was oppressive and malicious within the meaning of Civil Code Section 3294 in that it subjected MOLLOY to cruel and unjust hardship in willful and conscious disregard of MOLLOY's rights and safety, thereby entitling MOLLOY to an award of punitive damages.

106.     Further irreparable harm to MOLLOY is imminent as a result of Infringing Defendants' conduct, and MOLLOY is without an adequate remedy at law.  MOLLOY is

**COMPLAINT FOR INJUNCTION AND DAMAGES**

entitled to an injunction restraining Infringing Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of misappropriation.

## NINTH CAUSE OF ACTION

### COMMERCIAL MISAPPROPRIATION OF LIKENESS UNDER

### CALIFORNIA CIVIL CODE §3344

**(Against Defendants NET 227, INC., NAMECHEAP, INC., EDDIE COLLINS, SCORCHING SANDS, INC., ADAM NALEPOWSKI, MICHAEL PUSZKARZ, T. KGELS, and DOES 1 through 10)**

107.    Plaintiff realleges each and every allegation set forth in paragraphs 1 through 106, inclusive, and incorporate them herein by this reference.

108.    As alleged herein, Infringing Defendants, and each of them, have invaded MOLLOY's right to privacy by using MOLLOY's name, likeness and/or photograph(s) in the top-level domains of and within the Infringing Sites.  In doing so, Infringing Defendants, and each of them, have knowingly appropriated MOLLOY's name and/or likeness for Infringing Defendants' advantage in direct connection with advertising and commercial sales.  Said appropriation was unauthorized and done without Plaintiff's consent.  Plaintiff is informed and believes that Infringing Defendants have earned increased revenue by said appropriation.

109.    As a proximate result of the above misappropriation, MOLLOY suffered loss of reputation and standing in the community, all of which caused her humiliation, embarrassment, hurt feelings, mental anguish and suffering, all to her general damage in an amount according to proof.

110.    As a further proximate result of the above-mentioned misappropriation, MOLLOY has suffered injury to her business in the form of lost internet traffic and revenue, all to her special damage in an amount according to proof.

///

///

///

24

111.     Infringing Defendants' misappropriation, as alleged above, was oppressive and malicious within the meaning of Civil Code Section 3294 in that they subjected MOLLOY to cruel and unjust hardship in willful and conscious disregard of MOLLOY's rights and safety, thereby entitling MOLLOY to an award of punitive damages.

112.     Further irreparable harm to MOLLOY is imminent as a result of Infringing Defendants' conduct, and MOLLOY is without an adequate remedy at law.  MOLLOY is entitled to an injunction restraining Infringing Defendants, their officers, directors, agents, employees, representatives and all persons acting with them from engaging in or in furtherance of such acts of misappropriation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     Actual compensatory damages in an amount according to proof at trial;

2.     Special compensatory damages in an amount according to proof at trial;

3.     That the Court's award of actual damages to Plaintiff be trebled pursuant to 15 U.S.C. § 1117(a);

4.     Punitive damages as to the Eighth and Ninth Causes of Action;

5.     Disgorgement of all gains, profits and advantages derived by Defendants from their acts of unfair competition, infringement, violations of the Plaintiff's right to privacy and other violations of law;

6.     Costs of suit including reasonable attorneys fees;

7.     For prejudgment interest at the maximum legal rate;

8.     Injunctive relief against Defendants, their officers, agents, servants, representatives employees, attorney, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by, through, or under them, and each of them, preliminarily and thereafter permanently enjoined and restrained from:

///

a.   Using in any manner the Mark, the Infringing Sites or any other term or terms likely to cause confusion with the Mark in a domain name or in connection with other words as a trademark, trade name or otherwise, to market, advertise or identify any of Defendants' web sites, goods, services and products;

b.   Using the Mark or any other mark or word similar to the Mark in a manner that is likely to cause dilution, confusion, or mistake or to deceive;

c.   Otherwise infringing the Mark;

d.   Unfairly competing with Plaintiff in any manner whatsoever;

e.   Causing likelihood of confusion or injury to business reputation of the Mark; and

f.   Ordering Infringing Defendants to promptly transfer the domain names of the Infringing Sites to Plaintiff;

9.   For such other and further relief as the Court deems just and proper.

Dated: April _10_, 2009               FATTOROSI & ASSOCIATES, P.C.

                                      By: _____
                                          Michael W. Fattorosi, Attorney for Plaintiff,
                                          CAROLE MOLLOY

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to F.R.Civ.P. 38(b) and Local Central District Rule 38-1.

Dated: April _10_, 2009               FATTOROSI & ASSOCIATES, P.C.

                                      By: _____
                                          Michael W. Fattorosi, Attorney for Plaintiff,
                                          CAROLE MOLLOY

26

**COMPLAINT FOR INJUNCTION AND DAMAGES**
F:\Adult Entertainment\Civil Lit\Molloy v. RK Netmedia\Complaint.04-08-09.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

Int. Cl.: **41**

Prior U.S. Cls.: **100, 101 and 107**

## United States Patent and Trademark Office

Reg. No. **3,422,070**

Registered May 6, 2008

### SERVICE MARK
### PRINCIPAL REGISTER

# FLOWER TUCCI

FLOWER TUCCI ENTERTAINMENT, INC. (NEVADA CORPORATION)
848 N. RAINBOW BLVD., #1106
LAS VEGAS, NV 89107

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF LIVE ACTING, DANCING AND MODELING FOR ADULT PERFORMANCES, ADULT PUBLICATIONS, AND PUBLIC APPEARANCES OF A STAR OF ADULT MOVIES; ENTERTAINMENT SERVICES, NAMELY, PROVIDING LIVE ACTING, DANCING AND MODELING FOR MOTION PICTURE FILMS FEATURING ADULT ENTERTAINMENT; ENTERTAINMENT SERVICES, NAMELY, PROVIDING VISUAL PICTURES AND IMAGES IN THE FIELD OF ADULT ENTERTAINMENT VIA THE INTERNET, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 8-1-2002; IN COMMERCE 8-1-2002.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE NAME(S), PORTRAIT(S), AND/OR SIGNATURE(S) SHOWN IN THE MARK IDENTIFIES "CAROLE MOLLOY", WHOSE CONSENT(S) TO REGISTER IS MADE OF RECORD.

SER. NO. 77-256,382, FILED 8-15-2007.

DANIEL CAPSHAW, EXAMINING ATTORNEY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "B"**

003962/0120 PAGE 2


SHARON LATIMER, EXAMINER
ASSIGNMENT SERVICES BRANCH
PUBLIC RECORDS DIVISION



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE



MARCH 31, 2009                              *900130600A*

                        PTAS

MICHAEL D. KUZNETSKY, ESQ.
6300 CANOGA AVENUE SUITE 550
WOODLAND HILLS, CA 91367


        UNITED STATES PATENT AND TRADEMARK OFFICE
        NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF
THE U.S. PATENT AND TRADEMARK OFFICE.  A COMPLETE MICROFILM COPY IS
AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER
REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE.  THE
INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA
PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM.  IF YOU SHOULD
FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY
CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 571-272-3350.
PLEASE SEND REQUEST FOR CORRECTION TO:  U.S. PATENT AND TRADEMARK OFFICE,
MAIL STOP: ASSIGNMENT SERVICES BRANCH, P.O. BOX 1450, ALEXANDRIA, VA 22313.


RECORDATION DATE: 03/31/2009        REEL/FRAME: 003962/0120
                                    NUMBER OF PAGES: 3

BRIEF:  ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL
DOCKET NUMBER: FLOWER TUCCI ASSIGNMENT

ASSIGNOR:
    FLOWER TUCCI ENTERTAINMENT, INC.     DOC DATE: 03/26/2009
                                         CITIZENSHIP: NEVADA
                                         ENTITY: CORPORATION

ASSIGNEE:
    MOLLOY, CAROLE                       CITIZENSHIP: UNITED STATES
    AKA FLOWER TUCCI                     ENTITY: INDIVIDUAL
    6300 CANOGA AVENUE SUITE 550
    WOODLAND HILLS, CALIFORNIA 91367

APPLICATION NUMBER: 77256382        FILING DATE: 08/15/2007
REGISTRATION NUMBER: 3422070        ISSUE DATE: 05/06/2008

MARK: FLOWER TUCCI
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN BLOCK FORM

# TRADEMARK ASSIGNMENT

Electronic Version v1.1
Stylesheet Version v1.1

**03/31/2009**
**900130600**

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL |

## CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| Flower Tucci Entertainment, Inc. | | 03/26/2009 | CORPORATION: NEVADA |

## RECEIVING PARTY DATA

| | |
|---|---|
| Name: | Carole Molloy |
| Also Known As: | AKA Flower Tucci |
| Street Address: | 6300 Canoga Avenue Suite 550 |
| City: | Woodland Hills |
| State/Country: | CALIFORNIA |
| Postal Code: | 91367 |
| Entity Type: | INDIVIDUAL: UNITED STATES |

## PROPERTY NUMBERS Total: 1

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 3422070 | FLOWER TUCCI |

## CORRESPONDENCE DATA

Fax Number: (818)881-9008
*Correspondence will be sent via US Mail when the fax attempt is unsuccessful.*
Phone: 8188818500
Email: mikek@fattlegal.com
Correspondent Name: Michael D. Kuznetsky, Esq.
Address Line 1: 6300 Canoga Avenue Suite 550
Address Line 4: Woodland Hills, CALIFORNIA 91367

| ATTORNEY DOCKET NUMBER: | FLOWER TUCCI ASSIGNMENT |
|---|---|
| NAME OF SUBMITTER: | Michael D. Kuznetsky |
| Signature: | /Michael Kuznetsky/ |
| Date: | 03/31/2009 |

3422070  OP $40.00 3422070

USPTO            4/1/2009 8:24:19 PM      PAGE      3/006      FAX SERVER

TO:MICHAEL D. KUZNETSKY, ESQ.    COMPANY:6300 CANOSA AVENUE SOUTH...

Case 1:09-cv-23060-MGC   Document 1   Entered on FLSD Docket 04/17/2009   Page 33 of 37

Total Attachments: 1
source=TrademarkAssignment.03-26-09#page1.tif

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV09- 2614 MMM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Michael W. Fattorosi, Esq., Calif. State Bar #193558
Michael D. Kuznetsky, Esq., Calif. State Bar #241045
FATTOROSI & ASSOCIATES, P.C.
6300 Canoga Ave. #550, Woodland Hills, CA 91367
Tel: 818-881-8500, Fax: 818-881-9008

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CAROLE MOLLOY, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV09-2614** (AGRx) |
| v. | |
| RK NETMEDIA, INC., a Florida Corporation; NET 227, INC., a Florida Corporation; NAMECHEAP, INC., a Delaware Corporation; EDDIE COLLINS, an individual; SCORCHING SANDS, INC., a Florida Corporation; ADAM NALEPOWSKI, an individual; MICHAEL PUSZKARZ, an individual; T. KGELS, an individual; LLL ADVERTISING, INC., a Florida Corporation; and DOES 1 through 10, inclusive,     DEFENDANTS | **SUMMONS** |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Michael W. Fattorosi _____, whose address is  6300 Canoga Avenue, Suite 550, Woodland Hills, CA 91367 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____APR 1 5 2009____          By: ____NATALIE LONGORIA____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1138

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CAROLE MOLLOY

**DEFENDANTS** RK NETMEDIA, INC., a Florida Corporation; NET 227, INC., a Florida Corporation; NAMECHEAP, INC., a Delaware Corporation; EDDIE COLLINS, an individual; SCORCHING SANDS, INC., a Florida Corporation; ADAM NALEPOWSI an individual; MICHAEL PUSZKARZ, an individual; T. KGELS, an individual; LLL ADVERTISING, INC., a Florida Corporation; and DOES 1 through 10, inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael W. Fattorosi, Esq.; Michael D. Kuznetsky, Esq.
FATTOROSI & ASSOCIATES, P.C.
6300 Canoga Avenue Suite 550, Woodland Hills, CA 91367
Tel: 818-881-8500

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**LASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ Preliminary Injunction

**I. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement (17 U.S.C. 101, et. seq.) and Federal Unfair Competition under the Lanham Act (15 U.S.C. 1125(a) and (c)).

**II. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No   ☐ Yes

, list case number(s):

**OFFICE USE ONLY:** Case Number: _____ **CV09-2614**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

X. **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

CAROLE MOLLOY, Los Angeles

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

RK NETMEDIA, INC., Florida                SCORCHING SANDS, INC., Florida          LLL ADVERTISING, INC., Florida
NET 227, INC., Florida                    ADAM NALEPOWSKI, Poland                 DOES 1 through 10
NAMECHEAP, INC., Delaware                 MICHAEL PUSZKARZ, Poland
EDDIE COLLINS, Los Angeles                T. KGELS, Netherlands

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles

SIGNATURE OF ATTORNEY (OR PRO PER):                              Date _____ April 10, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |